UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO



TWIN COUNTY GROCERS, INC.,
    Plaintiff,
    v.                                  CIVIL NO. 97-2052 (DRD)
MENDEZ AND CO., INC., et al.,
    Defendants.

## ORDER

On January 25, 2000, the Court issued an Order which reads as follows:

"In pertinent part, the minutes of a status conference, which the Court held on December 28, 1999, are as follows:
    'Second, the Court received a facsimile letter transmission (which is appended to these minutes and a copy was provided to all attendees) regarding Plaintiff's, Twin County Grocers, Inc., viability to proceed with this case from Twin County's legal representation as to the pending Bankruptcy case. Therefore, Twin County is hereby **GRANTED** ten (10) days, that is until January 10, 2000 to inform the Court on this critical issue.
    Third, due to Twin County's alleged liquidation, Twin County may be dismissed from the instant case due to the lack of a case and controversy. If such occurrence transpires, then only the Defendants and Third Party Defendants will remain in this case and after realignment complete diversity will not exist destroying the Court's jurisdiction. That is, only local claims will be pending and an affirmative defense implicating a federal question may not be enough for the Court to retain jurisdiction. Thus, the parties are **ORDERED** to simultaneously submit briefs by **February 14, 2000** to the Court explaining why the Court would or would not have jurisdiction if Twin County's dismissal comes to fruition.'

(Docket No. 123). Subsequently, Plaintiff, Twin County Grocers, Inc., filed a Motion Complying With Court Order (Docket No. 124), requesting the Court to dismiss its affirmative claims. Therefore, all claims by Plaintiff, Twin County Grocers, Inc., are hereby **DISMISSED WITHOUT PREJUDICE**.
    Wherefore, Defendants and Third Party Defendants are hereby **ORDERED TO SHOW CAUSE by February 14, 2000**, why the Court should not dismiss without prejudice the remaining causes of action, which are brought under Puerto Rico law, for lack of federal jurisdiction."

(Docket No. 125).

AO 72
(Rev 8/82)

In response to the Court's order to show cause, cross claim defendants, McIlhenny Company, Inc. ("McIlhenny"), and Dole Packaged Foods Company, Inc. ("Dole"), filed a Motion In Compliance With Order (Docket No. 127), stating that they do not oppose the dismissal of the cross-claims filed against them by Méndez & Co., Inc. ("Méndez").

Méndez, on the other hand, first requested an extension of time until February 24, 2000 to comply with the Court's order (Docket No. 128), which the Court granted (Docket No. 129), and then, filed its Motion To Show Cause Why The Action Should Not Be Dismissed And For Reconsideration Of Plaintiff's Dismissal As Contrary To Law. (Docket No. 130). Therein, Méndez requests the Court to: (1) reconsider the dismissal without prejudice of Plaintiff's claims for a lack of subject matter jurisdiction; and, (2) attempts to show cause why its claims should not be dismissed. The Court agrees and therefore, Méndez's motion (Docket No. 130) is **GRANTED**.

On November 23, 1999, the Court issued an Order containing the following,

> "On a separate but relevant matter, Plaintiff Twin County Grocers, Inc. has filed for Bankruptcy relief. The Court orders Twin County Grocers, Inc. to advise the court within twenty days of this order if this case is to continue. (The court is aware that there are cross claims that may mandate continuance of the case even if Twin County determines not to continue in the case)."

(Docket No. 117).

In response, Twin County Grocers, Inc. sent a facsimile wherein was stated,

> "Mendez has filed a proof of claim against Twin in its chapter 11 case. Therefore, although Twin does not presently intend to pursue its affirmative claims against Mendez in the District Court, if it is subsequently determined that in connection with the claims process in Twin's chapter 11 case that it would be necessary or more appropriate to have Mendez's proof of claim determined by the District Court rather than the Bankruptcy Court, Twin may elect to proceed in District Court."

(Docket No. 123 – appended to minutes of December 28, 1999 status conference).

The Court, on December 28, 1999, held a status conference and ordered Plaintiff, Twin County Grocers, Inc. to inform the Court, by January 10, 2000, of its interest in continuing to prosecute its case in this District Court. (Docket No. 123) (See the first page of this Order for the quotation of the pertinent part of the minutes docketed at 123).

On January 14, 2000, Twin County informed the Court that it did not intend to pursue its affirmative claims. (Docket No. 124). Méndez did not oppose Twin County's motion. Granting Plaintiff's, Twin County Grocers, Inc. request, the Court, on January 26, 2000, dismissed all of Twin County's claims without prejudice. (Docket No. 125) (See the first page of this Order for the quotation of the entire Order entered on January 26, 2000).

Méndez correctly points out, the Court's dismissal of Twin County's claims was pursuant to FED. R. CIV. P. 41(a)(2). The rule specifically states "If a counterclaim has been pleaded by a defendant . . . the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." FED. R. CIV. P. 41(a)(2). Méndez has timely objected. The Court dismissed without prejudice all of Twin's County's claims. (Docket No. 125). Necessarily, the Court retains Méndez's counterclaim against Twin County. This being the case, the cross-claims by Méndez shall remain as well.

Because Méndez's counterclaim against Twin County remains pending, the Court **ORDERS** Twin County **by October 27, 2000** to inform the Court via formal motion whether Twin County requests reinstatement of its claims.

### OTHER MATTERS

On a separate matter, Miguel G. Laffitte, of the law firm Dubón & Dubón is **GRANTED** his

Page -3-

AO 72
(Rev 8/82)

request to be relieved of representing Méndez & Co., Inc. ("Méndez"). (Docket No. 115). However, Luis E. Dubón of the law firm Dubón & Dubón and Ricardo F. Casellas of the law firm Fiddler, Gonzalez & Rodriguez are to remain as attorneys for Méndez.

Next, Méndez requested the Court alter or amend its opinion and order at Docket No. 120. (Docket No. 121). The Court denied Méndez's original motion for, *inter alia*, failure of Méndez to attach the pertinent dealers' contracts. Méndez attached a copy of a contract to its reconsideration motion, which it asserts rectifies the deficiency. The Court **DENIES**, albeit without prejudice, the invitation to revisit the adjudication of a motion improperly supported. (Docket No. 121). Should Méndez resubmit the motion conforming with Local Rule 311.12, such as specifically referring to all the subject dealers' contracts, see Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86 (1st Cir. 1996); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983); Dominguez v. Eli Lilly & Co., 958 F. Supp. 721 (D. P.R. 1997), raised in the argument Méndez now proffers, thereby affording all parties to properly respond the Court will entertain such a submission. The Court anticipates that an evidentiary hearing as to this assessment may be necessary.

Méndez brings to the Court's attention that Plaintiff, Twin County Grocers, Inc., has been contravening Local Rule 112 by sending informal communications via letters directly to the undersigned. (Docket No. 131). The Court agrees. Henceforth, all communication with the Court must be presented in motion form properly filed. Méndez's motion is **GRANTED** accordingly. (Docket No. 131).

**IT IS SO ORDERED.**

   **Date: September 29, 2000**           **DANIEL R. DOMINGUEZ**
P:\FINALORD ERS\97-2052A DIS                 **U.S. District Judge**

AO 72
(Rev 8/82)